YATES, Presiding Judge,
concurring in the result.
I agree that, under the facts of this case, there was not clear and convincing evidence that the natural father impliedly consented to the adoption of his daughter by the stepfather. However, I do not agree with the application of the standard used in the main opinion to review withdrawal of an expressed consent to adoption in cases involving a purported withdrawal of an implied consent to adoption. First, although Chief Justice Moore, Justice See, and Justice Johnstone in the plurality opinion in Ex parte C.V., 810 So.2d 700 (Ala.2001), recognized that an implied consent to adoption could be withdrawn, that case concerned implied consent based on the father’s prebirth conduct toward the mother. Furthermore, any implied consent that existed in Ex parte C.V. based on the father’s prebirth conduct was effectively withdrawn when the natural father sought custody. Unlike the facts in the present case, the natural father’s “withdrawal” occurred before the potential adoptive parents filed their petition for custody. Second, because I believe there was no implied consent to the adoption, the main opinion goes too far in discussing any purported withdrawal of implied consent and in adopting any standard of review with regard to such a withdrawal.
CRAWLEY, J., concurs.